**James Allen LEIVEN,
petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

No. C2-85-181.

Court of Appeals of Minnesota.

June 25, 1985.

Samuel A. McCloud, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by PARKER, P.J., and LANSING and HUSPENI, JJ.

## SUMMARY OPINION

PARKER, Presiding Judge.

This is an appeal from an order sustaining the Commissioner of Public Safety's revocation of James Leiven's driving privileges for refusing to submit to chemical testing under the implied consent law, Minn.Stat. § 169.123 (1984). Leiven claims his license should not have been revoked because he was advised that he had a right to speak with an attorney only after taking the test. We affirm.

## FACTS

Appellant James Allen Leiven was arrested for DWI by a Faribault police officer at about 11:30 p.m. on October 25, 1984. He was read the implied consent advisory pursuant to Minn.Stat. § 169.123 (1984), which included the following statement:

> After submitting to testing you have a right to consult with an attorney and to have additional tests made by a person of your own choosing.

Leiven was offered a choice only between a blood test and a urine test because he had sprayed a breath freshener in his mouth. When his request for a breath test was denied Leiven refused to submit to testing, and his driver's license was revoked. Leiven did not request an opportunity to call an attorney before making his decision.

Leiven sought judicial review, and a hearing was held in December 1984. At trial Leiven stipulated that the only issue was whether he had a limited right to consult with an attorney and to be advised of that right before deciding whether to submit to chemical testing. The trial court sustained the revocation.

## ISSUE

Does an individual have a right to counsel before deciding whether to submit to chemical testing pursuant to the implied consent law, Minn.Stat. § 169.123?

## DISCUSSION

In *Nyflot v. Commissioner of Public Safety*, 369 N.W.2d 512 (Minn.1985), the supreme court ruled that the implied consent advisory established by the legislature in Minn.Stat. § 169.123 (1984) effectively abolished the limited right to counsel recognized by the court in *Prideaux v. State, Department of Public Safety*, 310 Minn. 405, 247 N.W.2d.385 (1976). Thus, a driver arrested for DWI no longer has a right, statutory or constitutional, to consult with counsel before deciding whether to submit to chemical testing under the implied consent law.

## DECISION

Affirmed.